# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3317 | **DATE** | 3/23/2007 |
| **CASE TITLE** | Tamburo vs. Dworkin, et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Compel Document Production By Yahoo! Inc. [232] is granted in part and reserved in part as stated below. Status hearing set for 4/3/07 at 9:00 a.m. stands.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Plaintiffs move to compel documents from non-party Yahoo, Inc. ("Yahoo!"). On January 15, 2007, Plaintiffs served two subpoenas at the Chicago office of Yahoo!. The subpoenas seek records of the identities of members of two Yahoo! Groups ("APDUG" and "BREEDMATE") as well as the contents of messages posted to these particular groups. Yahoo! objects to the subpoenas on three grounds: (1) the subpoenas were not issued by the proper court because Yahoo! is a California resident and the records sought are located in California and not stored nor accessible in Illinois; (2) 18 U.S.C. § 2702(a) prohibits Yahoo! from disclosing the contents of subscriber communications in response to a civil subpoena; and (3) the scope of information sought by the subpoena posed an undue burden on Yahoo! as a non-party to the litigation. This Order addresses the first issue of whether the subpoenas were issued by the proper court.

    Yahoo!'s corporate headquarters is located in Sunnyvale, California. In Sunnyvale and nearby Santa Clara, Yahoo! employs nearly five thousand people. Data from Yahoo! Groups, as well as subscriber information and records, is maintained and stored on Yahoo!'s servers in California. Yahoo's Compliance Department, also based in Sunnyvale, is responsible for responding to subpoenas seeking such data. In order to obtain documents responsive to subpoenas, members of Yahoo!'s Compliance Department use specially designed software applications ("Legal Tools") to help locate, retrieve, preserve, and produce documents related to user activities and user content. Access to records regarding Yahoo! users and to content of user communications is strictly limited to the members of the Compliance Department and other employees whose job functions require such access.

    Yahoo! also has a Chicago office. Yahoo! has no other offices in Illinois. There are 51 employees in Yahoo!'s Chicago office. Yahoo!'s Chicago office is a sales office for Yahoo! and for

| STATEMENT |
|---|

Yahoo! properties such as Yahoo! Search Marketing, which allows business customers to appear in sponsored listings, and Yahoo! HotJobs, a service that helps match potential employers with job-seekers. None of the employees in Yahoo!'s Chicago office have access to Legal Tools or systems housing the underlying user data. Yahoo!'s Chicago office stores no user records or content for Yahoo! Groups. No Chicago-based employees have access to the types of user account information or user communications requested by the subpoenas in this case. Data from Yahoo! Groups, as well as subscriber information and records, is maintained and stored on Yahoo's servers in California.

Plaintiffs and Yahoo! agree that the two-part test set forth in In re Uranium Antitrust Litigation, 480 F.Supp. 1138, 1144 (N.D. Ill. 1979), controls the question of whether Yahoo! can be compelled to produce documents stored and accessible in the Northern District of California in this judicial district. The In re Uranium Antitrust Litigation court held that a court has the power to order a person subject to its jurisdiction to perform an act in another state, such as the production of documents located elsewhere, if two preconditions are met: (1) the court must have personal jurisdiction over the person subpoenaed and (2) the subpoena recipient must have control over the documents. 480 F.Supp. at 1144. "The location of the documents is irrelevant." Id. Yahoo! does not dispute that it is subject to personal jurisdiction in Illinois and therefore, meets the first criteria. As to the issue of control, Yahoo! says its Chicago office does not have control over the documents because no employee in that office has the ability to access the subpoenaed information.

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Rule 45(a)(2)© directs that a subpoena for production and inspection, if separate from a subpoena commanding a person's attendance, must issue "from the court for the district where the production or inspection is to be made." "Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials in that person's control whether or not the materials are located within the district or within the territory within which the subpoena can be served." Advisory Committee Notes on 1991 Amendment to Rule 45. Therefore, "'[p]roduction' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over." Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004) (Alito, J.); see also In re Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. 482, 494-95 (E.D. Pa. 2005). Although Yahoo! is a California resident and the records sought are located and accessible in California, the subpoenas direct Yahoo! to produce documents in La Grange, Illinois, located in the Northern District of Illinois. Plaintiffs' subpoenas therefore comply with Rule 45(a)(2).

Yahoo! claims that its Chicago office has no control over the documents sought. The Advisory Committee Notes to the 1991 Amendment to Rule 45 says that "[a] non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom the request is addressed pursuant to Rule 34." Rule 34 requires production of documents within the "possession, custody, or control" of the party served. Documents are in the "possession, custody, or control" of the served party if "the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).

Yahoo!'s attempt to deny control is unavailing. Yahoo! has actual physical possession of the requested documents since they are Yahoo!'s own documents. This is not a case where a separate legal entity such as a subsidiary or non-party has possession of the documents. Yahoo!'s Chicago office and corporate headquarters are not separate and distinct entities. Yahoo! is a single entity, and the information is available from the corporation itself. The relationship here is one between different

| **STATEMENT** |
|---|

offices of the same entity. Because Yahoo!'s Chicago office is part of the same entity as Yahoo!'s corporate headquarters, the subpoenaed documents are within Yahoo!'s control for purposes of Rules 34 and 45. A subpoena seeking corporate documents directed to a corporation creates an obligation upon the corporation to produce the documents sought. Since Yahoo! is under an obligation to comply with the subpoena, the fact that no employee in the Chicago office has the ability to access the subpoenaed information does not deprive Yahoo! of the requisite control. See In re Jee, 104 B.R. 289, 294 (C.D. Cal. 1989) (rejecting objection to subpoena on ground that Los Angeles branch of non-party corporation lacked control over subpoenaed documents located in New York or Korea); Ghandi v. The Police Department of the City of Detroit, 74 F.R.D. 115, 122 (E.D. Mich. 1977) (stating "[i]t would torture the meaning of Rule 45 to hold that it requires the plaintiffs to serve upon the Bureau in every federal judicial district where the requested documents might be located a separate subpoena duces tecum for their production.").

Ariel v. Jones, 693 F.2d 1058 (11th Cir. 1982), Echostar Communications Corp. v. News Corp. Ltd., 180 F.R.D. 391 (D. Colo. 1998), and Crafton v. U.S. Specialty Ins. Co., 218 F.R.D. 175 (E.D. Ark. 2003), cited by Yahoo!, do not compel a different result. In contrast to the subpoenas in Ariel, Echostar, and Crafton, the subpoenas here were served directly on Yahoo!, not a third-party agent for service of process who did not control the requested documents. Ariel, Echostar, and Crafton do not hold that a corporation may only be subpoenaed in the district where the responsive documents are physically stored and accessible as Yahoo! argues.

Further, Laker Airways Limited v. Pan American World Airways, 607 F.Supp. 324 (S.D. N.Y. 1985), cited by Yahoo!, is not binding upon this Court. Laker and the cases it relied on are also quite dated and materially distinguishable from the present situation. Laker involved a potential collision between U.S. and foreign law. In Laker, the district court "vacated subpoenas that it viewed as a transparent effort to circumvent British laws proscribing disclosure of the bank records sought." First American Corp. v. Price Waterhouse LLP, 154 F.3d 16, 21 (2d Cir. 1998). Similarly, in Ings v. Ferguson, 282 F.2d 149 (2d Cir. 1960), the Second Circuit "deferred to a Canadian court for initial consideration of whether particular bank records were barred from disclosure under Canadian law, and held that it would allow the plaintiff to issue a subpoena in the future '[o]nly if, despite a ruling [by the Canadian courts] that production of the records or sending them outside the country would not be illegal, [there] were . . . a refusal to make such records available." Id. at 21-22. First Nat'l City Bank of N.Y. v. IRS, 271 F.2d 616, 619 (2d Cir. 1959) also held that a court should not order production if the order would cause a party to violate foreign law. Here, there is no alleged conflict between production and foreign law or a risk that a U.S. court would infringe the right of a foreign court to interpret foreign law in the first instance.

In Cates v. LTV Aerospace Corp., 480 F.2d 620 (5th Cir. 1973), also relied on by the Laker court,

> Navy regulations specified that the documents in question could be obtained only from the Secretary of the Navy in Washington, but a party attempted to obtain the documents by serving a subpoena on the commanding officers of a naval facility in Texas. The court held that the regulations could not be circumvented in this way. The critical factor in Cates was not the location of the documents but the location of the officer from whom they had to be sought.

Hay Group, 360 F.3d at 413 n.5. Unlike Cates, no controlling regulations are involved in the present case. Finally, in Elder-Beerman v. Federated Dep't Stores, 45 F.R.D. 515 (S.D. N.Y. 1968), another

**STATEMENT**

case cited by the Laker court, the court quashed a subpoena issued by the Southern District of New York on a Georgia corporation's only New York office. The court held that it did not have personal jurisdiction over a Georgia corporation because it failed to meet the minimum contacts test. Here, Yahoo! does not contest personal jurisdiction. In sum, each of the cases cited by Yahoo! and relied on by the Laker case cited by Yahoo! are factually distinguishable from the instant case and fall short of establishing that the subpoenas were improper because they sought production of documents in this district that are located and accessible in the Northern District of California.