# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN F. TAMBURO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 04 CV 3317 |
| v. | ) |
| | ) Magistrate Judge Nan R. Nolan |
| STEVEN DWORKIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 28, 2011, Plaintiff Versity Corporation ("Plaintiff") served Defendant Kristen Henry ("Defendant") with eight document requests. (Mot. ¶ 1.) On April 6, 2011, Defendant responded with objections to most of the requests and produced 15 pages of documents. (*Id.* ¶ 3.) On May 5, 2011, Plaintiff filed its Motion, requesting the Court to compel Defendant to fully comply with the document requests. On May 10, 2011, the Court ordered the parties to meet and confer in a good faith attempt to reach an agreement regarding Plaintiff's Motion. After the parties conferred, only two document requests—Nos. 5 and 6—remain at issue and are the subject of this Order.[1]

---

[1] While Defendant states that Request No. 7 remains at issue (Resp. 1), she contends that all responsive documents have been produced (*id.* 8–9) and asserts that she will supplement her response if responsive documents can be retrieved from her damaged hard drive, (*id.* nn. 1, 5). In its Reply, Plaintiff does not object to Defendant's assertions.

Document request No. 5 requests APDUG's membership list and related documents.[2] (Mot. 3, Ex. A at 6.) Request No. 6 seeks all messages circulated by and among the APDUG discussion group ("APDUG Group"). (*Id.* 3, Ex. A at 7.) Defendant objects to these requests as irrelevant, overbroad and in violation of individual privacy interests. (Resp. 3–7.) She contends that "the identities of individuals who engaged in anonymous or pseudonymous communications" are protected from disclosure. (*Id.* 4.)

It is settled law that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). "Although the Internet is the latest platform for anonymous speech, online speech stands on the same footing as other speech—there is 'no basis for qualifying the level of First Amendment scrutiny that should be applied' to online speech." *In re Anonymous Online Speakers*, 2011 WL 61635, at *2 (9th Cir. Jan. 7, 2011) (quoting *Reno v. ACLU*, 521 U.S. 844, 870 (1997)).

"The right to speak, whether anonymously or otherwise, is not unlimited, however, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue." *In re Anonymous Online Speakers*, 2011 WL 61635, at *2. Political speech is afforded the highest level of protection. *Meyer v. Grant*, 486 U.S. 414,

---

[2] APDUG (the Alfirin Pedigree Database Users Group) is a Yahoo! discussion group moderated by Henry, which discusses topics related to the Alfirin pedigree software. (Resp. 3.)

422, 425 (1988). Commercial speech, on the other hand, enjoys "a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values," *Bd. of Trustees of SUNY v. Fox*, 492 U.S. 469, 477 (1989), as long as "the communication is neither misleading nor related to unlawful activity," *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 564 (1980). Further, because a court must carefully balance the important value of anonymous speech against a party's need for relevant discovery, "commercial speech should be afforded less protection than political, religious, or literary speech." *In re Anonymous Online Speakers*, 2011 WL 61635, at *6.

Here, the speech on the APDUG Group is clearly commercial speech entitled to some First Amendment protections. (*See* Resp. 3 (describing the purpose of the group as focused on the Alfirin pedigree software).) Nevertheless, because Plaintiff has acknowledged that it can gather the information it seeks without a need to reveal the identities of persons on the APDUG Group who intend to be anonymous (Reply 6), the court need not decide whether the speech was misleading or related to unlawful activity. Plaintiff concedes that Request Nos. 5 and 6 can be satisfied with the "production of every APDUG message, with only the email address of the posting party blocked." (Reply 6.) The Court agrees. Individuals who use their names, addresses or phone numbers when posting messages on the APDUG Group clearly have no expectation of anonymity. However, redacting email addresses will insure that those individuals who post to the APDUG Group anonymously or with a pseu-

donym will have his or her privacy respected.³ Thus, Defendant need not disclose the identity of any person who intends to remain anonymous.

Nevertheless, seeking *all* messages posted to the APDUG Group is overbroad and would include messages not relevant to this litigation. Consequently, the Court will restrict the production to all messages posted to apdug@yahoogroups.com that reference: (i) Plaintiffs John F. Tamburo or Versity Corporation; (ii) any of Versity's owners, officers, employees, shareholders, affiliates or volunteers; or (iii) any of Versity's computer programs or websites. All responsive documents shall be produced unredacted except for the email addresses of the posting parties.

For the reasons stated above, Plaintiff's Motion to Compel Document Production by Defendant Henry [418] is **GRANTED IN PART AND DENIED IN PART**.

E N T E R:

Dated: July 11, 2011

*Nan R. Nolan*

NAN R. NOLAN
United States Magistrate Judge

---

³ Defendant seems to suggest that the *content* of anonymous communications are also protected from disclosure. (Resp. 6.) However, it is the *identity* of an anonymous speaker, not the content of her message, that is protected from disclosure by the First Amendment. *See In re Anonymous Online Speakers*, 2011 WL 61635, at *2 ("As with other forms of expression, the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'" (quoting *McIntyre*, 514 U.S. at 341–42); *Mobilisa, Inc. v. Doe*, 170 P.3d 712, 720 (Ariz. App. Ct. 2007); *Doe v. Cahill*, 884 A.2d 451, 461 (Del. 2005).