UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN F. TAMBURO, d/b/a/ MAN'S BEST FRIEND SOFTWARE, and VERSITY CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 04 C 3317 |
| v. | ) ) | Judge Joan B. Gottschall |
| STEVEN DWORKIN, KRISTEN HENRY, ROXANNE HAYES, and KAREN MILLS, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

In light of the death of defendant Steven Dworkin ("Dworkin"), Plaintiff Versity Corporation ("Versity") moves to substitute Darren Dworkin, Stacey Dworkin-Pressman and Lisa Dworkin-Miller (the "Dworkin Children") as defendants in this action under Federal Rule of Civil Procedure 25(a). Versity has also filed a corresponding motion for discovery and an evidentiary hearing on its Rule 25(a) motion. For the reasons stated below, the motion to substitute is denied, and the motion for discovery and an evidentiary hearing is granted in part.

### I. BACKGROUND

The history of this case is more fully recounted in prior opinions of both this court and the Seventh Circuit. *See Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 5476780 (N.D. Ill. Dec. 29, 2010); *Tamburo v. Dworkin*, No. 04 C 3317, 2007 WL 3046216 (N.D. Ill. Oct. 9, 2007). Relevant here, Dworkin, who operated a website containing Keeshond dog pedigree data,

allegedly retaliated against Versity and its owner, Richard Tamburo, by generating defamatory web-postings and emails that accused Versity and Tamburo of stealing publicly available information from his website and selling the material for commercial gain; the same web-postings and emails allegedly urged people to boycott Versity's commercial website, which charges a fee to access its database.

While the case had originally contained both federal antitrust and state common law claims, the Seventh Circuit affirmed the dismissal of the antitrust claims, *Tamburo*, 601 F.3d at 699-700, and this court dismissed a declaratory judgment claim that was grounded in both federal and state law. *Tamburo*, 2010 WL 5476780, at *2-3. This court also dismissed other common law claims that were pleaded solely on behalf of Tamburo, as well as a claim alleging trade libel and civil conspiracy. *Id.* at *2, *8-9. Thus, the only counts that remain in the Plaintiffs' Seventh Amended Complaint at this point include two common law intentional tort claims on behalf of Versity alleging tortious interference with a contractual relationship and with prospective economic advantage, and two state law defamation claims on behalf of Tamburo. (*See* Order, Sept. 21, 2011, ECF No. 477.) The only remaining basis for jurisdiction is diversity. *See* 18 U.S.C. § 1332.

Steven Dworkin died intestate on September 23, 2008. There was no will to probate, and the Dworkin Children disposed of his assets, which they argue were *de minimis* at the time of his death. Versity argues that Dworkin had several assets when he died, including his Keeshond dog pedigree database, research papers, and valuable show dogs. Versity filed a suggestion of death with this court on February 9, 2011. Versity

2

filed its motion to substitute the Dworkin Children as parties defendant in Steven Dworkin's place on March 24, 2011.

## II. LEGAL STANDARD

Rule 25(a) of the Federal Rules of Civil Procedure states that this court "may order substitution of the proper party" in the event that "a party dies and [a] claim is not extinguished." Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* There is no dispute over whether or not Versity filed its motion within 90 days after filing its suggestion of death. This court must first ask, therefore, whether the Plaintiffs' remaining claims against Dworkin survive his death. *See Atkins v. City of Chi.*, 547 F.3d 869, 870 (7th Cir. 2008) (noting that Rule 25(a) requires that a "claim on which the suit is based" survive the death of the party to allow substitution). Second, assuming that at least some of the remaining claims do survive Dworkin's death, the court must ask whether the Dworkin Children—or perhaps someone else—are "proper parties" who may be substituted in Dworkin's stead.

## III. ANALYSIS

**A. Surviving Claims**

To assess which of the remaining state law claims against Dworkin survive, the Illinois courts apply the Illinois Survival Act, 755 ILCS 5/27-6. *See People ex rel. Fahner v. Testa*, 445 N.E.2d 1249, 1253-54 (Ill. App. Ct. 1983) (applying the Illinois Survival Act to determine whether various causes of action survived upon a defendant's death). The act states:

> In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person

3

(except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of "An Act relating to alcoholic liquors." 755 ILCS 5/27-6.

The quoted text indicates that Illinois exempts claims of defamation—slander and libel—from the Survival Act. Accordingly, Counts VIII and IX, which are claims of defamation *per se* and defamation *per quod*, do not survive as to defendant Dworkin, since he has died. *See Tunnell v. Edwardsville Intelligencer, Inc.*, 252 N.E.2d 538, 540 (Ill. 1969) (noting that, at common law, "pending defamation action[s] w[ere] held to abate upon the death *of either party*" and stating that this common law rule applies to defamation actions in Illinois (emphasis added)). Thus, no one may be substituted as a party to defend Dworkin's estate as to these claims.

The two remaining claims against Dworkin's estate seek reimbursement for Versity's economic losses under the theory of tortious interference with (1) Versity's prospective economic advantage and (2) its existing contracts. While these claims are not explicitly referenced in the Illinois Survival Act, the Illinois Supreme Court held in *McDaniel* that actions to recover damages for injuries to "personal property" are to be given a broad construction "with reference to the conditions of present-day life," *see McDaniel v. Bullard*, 216 N.E.2d 140, 143 (Ill. 1966), and following *McDaniel*, an Illinois appellate court held that tortious interference claims affecting contractual relations are the sorts of actions involving injuries to personal property that survive the death of a party. *See Williams v. Palmer*, 532 N.E.2d 1061, 1064 (Ill. App. Ct. 1988). Given that the Illinois Survival Act is "liberally construed to prevent abatement" of actions, *Bryant v. Kroger Co.*, 570 N.E.2d 1209, 1211 (Ill. App. Ct. 1991), the tortious

interference claims here must also survive. Thus, at least some of Versity's claims against Dworkin may proceed, and Versity's claims have not been "extinguished" for the purposes of Rule 25(b).

**B. Proper Parties**

Even though some claims against Dworkin remain, the court continues its inquiry to determine whether the Dworkin Children are the proper parties to substitute. The Seventh Circuit has not yet spoken directly as to who constitutes a "proper party" for substitution under Rule 25(a). It has only indicated that the proper party is "ordinarily the personal representative of the party who has died." *Atkins*, 547 F.3d at 870. It has nevertheless spoken directly to substitution in the context of Federal Rule of Appellate Procedure 43(a), which is derived from Rule 25(a). *See Gamble v. Thomas*, 655 F.2d 568, 569 (5th Cir. 1981). That rule allows a court of appeals to substitute a party's "personal representative" where such a representative exists and allows it to "direct appropriate proceedings" where such a representative does not exist. Fed. R. App. P. 43(a).

The Seventh Circuit, in interpreting this analogue to Rule 25(a), applies Illinois state law to determine the "proper party" for substitution in cases where the deceased party dies intestate. *See Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994). Other courts have also applied state substantive law in assessing who a "proper party" may be for Rule 25(a) purposes. *In re Baycol Products Litig.*, 616 F.3d 778, 787-88 (8th Cir. 2010) (noting that the "question of *who* is a proper party is a substantive issue, for which [the court] must rely on state law"); *see also Madison v. Vintage Petro., Inc.*, 872 F. Supp. 340, 341-43 (S.D. Miss. 1994) (applying state law to determine the proper party for substitution); 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 25.12[3] (3d ed.

5

2011) ("Whether a person is a proper party, is . . . a substantive rather than procedural question and is determined according to state law. The party seeking substitution must show that the person to be substituted is a proper representative or successor under applicable state law.").[1]

In *Anderson*, the Seventh Circuit applied 735 ILCS 5/2-1008(b) to determine the proper party for substitution. 42 F.3d at 1123. This provision states:

> If a person against whom an action has been brought dies, and the cause of action survives and is not otherwise barred, his or her personal representative shall be substituted as a party. If no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person bringing an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph . . ., the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims. 735 ILCS 5/2-1008(b)(2).

In this case, Dworkin died intestate and no petition has been filed for letters of office for his estate. Accordingly, Illinois law suggests that the court should either (1) substitute a personal representative; or (2) appoint a special representative who is capable of defending the action. Although a personal representative includes the executor or administrator of a decedent's estate, it also "encompasses all of those persons who manage the affairs of another because of incapacity or death, including executors, administrators, successors, personal representatives, special administrators, and persons

---

[1] In *McSurely*, the District of Columbia Circuit did not address whether state law applies to determine who a "proper party" may be for Rule 25(a) purposes. *See McSurely v. McClellan*, 753 F.2d 88 (D.C. Cir. 1985). But *McSurely* emphasized that Rule 25(a), as last amended, is intended to promote flexibility in determining the proper party: it has therefore allowed the distributees of an intestate defendant's estate to be substituted as parties to a lawsuit. *See* 754 F.2d at 98-99; *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969). Versity argues that this court should apply *McSurely*. This court, however, follows the Seventh Circuit and applies state law to determine who a "proper party" for substitution would be in this case. *See Anderson*, 42 F.3d at 1123.

who perform substantially the same function under the law governing their status." *Gaddy v. Schulte*, 663 N.E.2d 119, 122 (Ill. App. Ct. 1996).

The definition of personal representative, therefore, is a broad one, and may include distributees of an estate insofar as those distributees managed the affairs of the decedent's estate because of his incapacity or death. Here, however, it is not clear that the Dworkin Children can be viewed as personal representatives who managed Dworkin's estate. They have admitted only that they "cleaned [Dworkin's rented home by donating household items," which they allege have no value. (*See* Supp. Decl. of Darren Dworkin ¶ 14.) The Dworkin Children also provided the data from Dworkin's Keeshond database, an asset Versity deems to be extremely valuable, to a third party, (*Id.* ¶ 15.), but it is not clear that they did so as personal representatives of Dworkin's estate who were disposing of his assets—anyone may, to this day, request a copy of the Keeshond database from the Dworkin Children if they pledge to use it for non-commercial purposes. To the extent that Dworkin had an estate with some value, however, the Dworkin children may arguably have received and have disposed of its assets. In this sense, one could argue that the Dworkin Children are "proper parties" to substitute under Illinois law. But the issue is by no means crystal clear.

Given that, in cases where a defendant dies intestate, Illinois law contemplates the substitution of a special representative, the court finds that it is not appropriate to substitute the three Dworkin Children as parties in this suit. They oppose the substitution and their limited activities in relation to Dworkin's estate fall far short of managing his affairs. The more appropriate course would be to appoint a special representative for Dworkin's estate pursuant to § 1008(b)(2). However, this provision explicitly notes that,

when a special representative is appointed, "the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims." 735 ILCS 5/2-1008(b)(2). In this case, it would be inefficient to appoint a special representative if there were no proceeds of liability insurance to recover. Accordingly, the court will grant Versity's motion for additional discovery to the extent that Versity will need to ascertain whether or not Dworkin held liability insurance at the time of his death. In the event that the estate is found to have had such an asset, the court will entertain a new motion to substitute a special representative as a party to this action. If no such insurance existed, as the Dworkin Children allege, no parties will be substituted since the action against Dworkin's estate would be futile.

The court believes that this solution will be equitable for the Dworkin Children, who contend that (1) their father had few assets at the time of his death, (2) that responding to this motion has already been financially burdensome on them, and (3) that requiring them "to act as substitute defendants in place of [their] father in this case would be disruptive to [their] personal lives and unfairly result in additional expense and other hardship . . . ." (*See* Decl. of Darren Dworkin ¶ 13-23, 32.) Moreover, the Dworkin Children are by no means the *necessary* parties to defend this suit, as it is Dworkin's estate that needs to defend the claim, not his children. *Cf. Anderson v. Romero*¸ 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing lawyers as special representatives of an estate in an appellate case under § 1008(b)(2) because "[t]he next of kin [were] not essential to the maintenance of [a] suit" and noting that "when a claim survives the death of the plaintiff, the claim belongs to the estate, not to the plaintiff's next of kin").

Nonetheless, by allowing for the possibility of an appointment of a special representative in this case, the court seeks to provide Versity with an opportunity to maintain the action against Dworkin's estate if there are assets to recover. Although Versity has not specifically moved to appoint a special representative, this court has the discretion to appoint one, even where one is not requested. *See, e.g.*, *First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989) (upholding the district court's decision to order substitution of a personal representative under Rule 25(a) where defendant had died and plaintiff had refused to move for substitution); *Kynaston v. United States*, 717 F.2d 506, 508 (10th Cir. 1983) (noting and not expressing disfavor with a district court's decision to, *sua sponte*, substitute a decedent's widow as the plaintiff in a case).

### IV. CONCLUSION

Versity's motion to substitute the Dworkin Children as parties is denied. Versity's motion for additional discovery and an evidentiary hearing on its Rule 25(a) motion is granted with respect to the narrow question of whether or not Dworkin had liability insurance at the time of his death. In the event that Dworkin had such insurance, Versity will be granted leave to file a motion to substitute a special representative as a party to represent Dworkin's estate.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 11, 2012